UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE PAUL RAYMOND WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> AETNA, INC., et al., <br><br> Defendants. | No. 1:21-cv-00321-NONE-EPG <br><br> <u>SCREENING ORDER</u> <br><br> ORDER FOR PLAINTIFF TO: <br><br> (1) FILE A FIRST AMENDED COMPLAINT; OR <br><br> (2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT <br><br> (ECF NO. 1) <br><br> THIRTY-DAY DEADLINE |

Plaintiff Prince Paul Raymond Williams ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 3, 2021. (ECF No. 1). The Complaint brings claims against Plaintiff's former employer and two other employees concerning wage garnishment. The Court finds that the Complaint fails to state any cognizable claims.

After Plaintiff reviews this order, Plaintiff can decide to file an amended complaint, which the Court will screen in due course. If Plaintiff chooses to file an amended complaint, it must be **no longer than fifteen pages**, including exhibits, must **state its claims or defenses in numbered paragraphs**, each limited as far as practicable to a single set of circumstances, and **shall be**

1

**double-spaced** except for the identification of counsel, title of the action, category headings, footnotes, quotations, exhibits and descriptions of real property. Plaintiff can also notify the Court that he wants to stand on his complaint, in which case this Court will issue findings and recommendations to the district judge assigned to the case recommending that Plaintiff's complaint be dismissed for the reasons in this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I. SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens this complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff's complaint alleges as follows:

In August 2018, Defendant Aetna Inc. began sending Plaintiff's personal property to

"Solano, Fresno County Department of Child Support Services" without an order or warrant signed by a judge of competent jurisdiction. Defendant Jacqueline Garnett, customer service supervisor, and Defendant Kimberly Burns, customer service manager, subjected Plaintiff to workplace discrimination, harassment, and retaliation while Plaintiff was employed by Aetna until his termination. Plaintiff seeks damages in the following categories, among others: "slavery (forced compliance to contracts not held)," "denied provisions in the constitution," "peonage (felony)," malicious prosecution, defamation and slander, "exploitation of a minority group courts – civil right," "bar violation of antitrust laws," "misappropriation of taxpayer funds," "violations of the Universal Declaration of Human Rights Armed Breach of Trust," mail threats, mail fraud, unauthorized communication, and loss of wages.

Plaintiff alleges he does not owe a commercial debt for child support and objects to wage garnishments. Plaintiff was discriminated against based on his race. Plaintiff lists a variety of other grievances against his former employer and his former supervisors. The complaint is interspersed with references to a variety of sections of the California Labor Code, federal statutes, constitutional amendments, and case law.

**III.    SECTION 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

3

1    To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under
2 color of state law, and (2) the defendant deprived him of rights secured by the Constitution or
3 federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh*
4 *v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state
5 law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he
6 does an affirmative act, participates in another's affirmative act, or omits to perform an act which
7 he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler*
8 *II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*,
9 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an
10 official sets in motion a 'series of acts by others which the actor knows or reasonably should
11 know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183
12 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard
13 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d
14 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir.
15 2008).

16   Additionally, a plaintiff must demonstrate that each named defendant personally
17 participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must
18 be an actual connection or link between the actions of the defendants and the deprivation alleged
19 to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658,
20 691, 695 (1978).

21   Supervisory personnel are generally not liable under § 1983 for the actions of their
22 employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a
23 supervisory position, the causal link between him and the claimed constitutional violation must be
24 specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.
25 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under
26 § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would
27 support a claim that the supervisory defendants either personally participated in the alleged
28 deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or

promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

## IV.  ANALYSIS OF PLAINTIFF'S CLAIMS

### A.  Pleading Standards

As set forth above, Federal Rule of Civil Procedure 8(a) ("Rule 8(a)") requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

A complaint must be concise and cannot be in the form of a narrative. *Pinzon v. Jensen*, 2009 WL 231164, at *2 (E.D. Cal., Jan. 30, 2009) ("Although Plaintiff attempts to allege many causes of action and provides a description of his alleged experiences, his narrative-style complaint is insufficient to state legally cognizable causes of action. It is Plaintiff's burden, not that of the court, to separately identify claims and state facts in support of each claim."); *Saunders v. Saunders*, 2009 WL 382922, at *2 (E.D. Cal., Feb. 13, 2009) ("A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a 'short and plain statement of the claim' may be dismissed for failure to satisfy Rule 8(a).").

A court may dismiss a complaint for failure to comply with Rule 8(a) if it is "verbose,

confusing and conclusory." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *Brosnahan v. Caliber Home Loans, Inc.*, 765 F. App'x 173, 174 (9th Cir. 2019). Additionally, a court may dismiss a complaint for failure to comply with Rule 8(a) if it is "argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

Plaintiff's complaint violates Rule 8(a). Plaintiff's complaint is a long narrative. Pages 8 through 16, entitled Memorandum of Points and Authorities, are single-spaced and written in a small font. There are several pages of definitions and legal arguments interspersed with factual allegations. (*See, e.g.,* ECF No. 1 at 12) ("Aetna Inc., beyond the rate of pay and work rules and policies during work hours, cannot withhold wages to send to a child support enforcement agency. Aetna Inc, by honoring an incomplete written document that, on its face, is clearly not issued by a court of competent jurisdiction within the judicial branch of government is an incomplete written instrument by it clearly being without a judicial signature by a Judge and Clerk of the Court."). It also contains general grievances about withholding:

> The motive or incentive for wage and income withholding is due to states of the United States having become reliant on federal funds for child support commercial debt collection called Title IV-D funds under 42 USC section 658a which can be 66% for every dollar collected. These funds are responsible for helping to balance state budgets, but it comes at the expense of an innocent man who does not owe any debts but is presumed to owe debts based on a legal person/Ens legis [sic], a STRAWMAN an ALL-CAPS NAME spelled PRINCE PAUL RAYMOND WILLIAMS, which is similar to the real, living, breathing, flesh-and-blood man with Creator endowed rights under "Natural Law," Prince Paul Raymond Williams.

(*Id.* at 14).

Another single-spaced narrative spans pages 17 through 28. The narrative intersperses Aetna's employee code of conduct, case law, portions of the California Labor Code and various federal laws with complaints about what happened at his job.

For those reasons, Plaintiff's complaint is "argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry*, 84 F.3d at 1177. The Court cannot determine what claims are being asserted based on what facts. Thus, Plaintiff's complaint violates Rule 8(a). Accordingly, Plaintiff fails to state a claim.

As described below, the Court will allow Plaintiff to amend his complaint. However, Plaintiff's amended complaint should include a "short and plain statement of the claim showing that the pleader is entitled to relief." It should explain what claim or claims Plaintiff is bringing and the facts that support that claim(s).

**B.    Legal Standards**

The Court will grant Plaintiff leave to amend. In the event Plaintiff amends his complaint, the Court provides the following legal standards for federal causes of action, which may be relevant to his action:

        1.    State Actor Requirement in Section 1983 and *Bivens*

Section 1983 imposes civil liability on an individual who "under color [of state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "A civil rights plaintiff suing a private individual under § 1983 must demonstrate that the private individual acted under color of state law; plaintiffs do not enjoy Fourteenth Amendment protections against 'private conduct abridging individual rights.'" *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (quoting *Burton v. Wilmington Parking Auth.,* 365 U.S. 715, 722 (1961)).

There is a similar requirement for actions proceeding under *Bivens*. *See Bressi v. Ford*, 575 F.3d 891, 898 (9th Cir. 2009) ("Bresssi's *Bivens* claim requires a showing that the tribal officers acted under color of federal authority."); *Schowengerdt v. Gen. Dynamics Corp*., 823 F.2d 1328, 1337–38 (9th Cir. 1987) (holding that "the private status of the defendant will not serve to defeat a Bivens claim, provided that the defendant engaged in federal action"); *Beam v. Naha*, 783 F. App'x 715, 716 (9th Cir. 2019) (unpublished) (parenthetically quoting *id.* and *Bressi* at 898). "The standards for determining whether an action is governmental are the same whether the purported nexus is to the state or to the federal government." *Mathis v. Pac. Gas & Elec. Co.*, 891 F.2d 1429, 1432 (9th Cir. 1989).

Private individuals and entities are typically not subject to suits under section 1983—and thus *Bivens*—because they are not state actors. However, a private defendant may be a state actor for these purposes if his or her actions are fairly attributable to the government:

7

> A § 1983 plaintiff therefore must show that a defendant's actions are "fairly attributable" to the government. A private individual's action may be "under color of state law" where there is significant state involvement in the action. The Supreme Court has articulated four tests for determining whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test.

*Franklin*, 312 F.3d at 444–45 (internal citations omitted).

        2.      <u>Employment Discrimination</u>

Title VII of the Civil Rights Act of 1964 provides that it shall be an unlawful employment practice for an employer to fail to refuse to hire, or otherwise discriminate against, any individual because of his race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(b). To establish a prima facie case of intentional discrimination (known as "disparate treatment") under Title VII, a plaintiff must show that: "(1) he is a member of a protected class; (2) he was qualified for [her] position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004); *see also Raad v. Fairbanks North Star Borough School Dist.*, 323 F.3d 1185, 1195-96 (9th Cir. 2003) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

**V.    FORM AND LENGTH OF AMENDED COMPLAINT**

The Court will grant Plaintiff leave to file an amended complaint. However, in light of the Court's conclusion that Plaintiff's complaint violates Rule 8, and in light of the narrative nature of the complaint, the Court will place certain constraints on any amended complaint.

**First, Plaintiff's amended complaint must not exceed 15 pages, including exhibits. Second, the Court will strictly enforce Federal Rule of Civil Procedure 10(b) and Eastern District of California Local Rule 130(c).**

Federal Rule of Civil Procedure 10(b) states, in relevant part, as follows:

> **A party must state its claims or defenses in numbered paragraphs, each**

8

> **limited as far as practicable to a single set of circumstances**. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

(emphasis added).

Eastern District of California Local Rule 130(c) states as follows:

> **Documents shall be double-spaced** except for the identification of counsel, title of the action, category headings, footnotes, quotations, exhibits and descriptions of real property. Quotations of more than fifty (50) words shall be indented.

(emphasis added)

If Plaintiff does not comply with these limitations in any amended complaint, the Court may recommend dismissing Plaintiff's action.

## VI. CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claim.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so that Plaintiff can provide additional factual allegations. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

If Plaintiff chooses to amend his complaint, in his amended complaint he must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). In addition, as stated above, an **amended complaint must be no longer than fifteen pages**, including exhibits, must **state its claims or defenses in numbered paragraphs**, each limited as far as practicable to a single set of circumstances, and shall be **double-spaced** except for the identification of counsel, title of the action, category headings, footnotes, quotations, exhibits and descriptions of real property. Plaintiff should note that although he has been given the opportunity

1   to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.

2   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

3         Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v.*

4   *Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in

5   itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an

6   amended complaint, as in an original complaint, each claim and the involvement of each

7   defendant must be sufficiently alleged. The amended complaint should be clearly and boldly

8   titled "First Amended Complaint," refer to the appropriate case number, and be an original signed

9   under penalty of perjury.

10        Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint if he

11  believes that additional true factual allegations would state cognizable claim(s). If Plaintiff files

12  an amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff

13  may choose to stand on his complaint subject to the Court issuing findings and recommendations

14  to a district judge consistent with this order.

15        Based on the foregoing, it is **HEREBY ORDERED** that:

16      1.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

17          a.  File a First Amended Complaint; or

18          b.  Notify the Court in writing that he wants to stand on this complaint;

19      2.    If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the

20          amended complaint "First Amended Complaint" and refer to case number 1:21-cv-

21          00321-NONE-EPG;

22      3.    If Plaintiff chooses to file an amended complaint, that must be **no longer than**

23          **fifteen pages**, including exhibits, must **state its claims or defenses in numbered**

24          **paragraphs**, each limited as far as practicable to a single set of circumstances, and

25          **shall be double-spaced** except for the identification of counsel, title of the action,

26          category headings, footnotes, quotations, exhibits and descriptions of real property.

27  \\\

28  \\\

4. <u>Failure to comply with this order may result in the dismissal of this action.</u>

IT IS SO ORDERED.

Dated:  **March 23, 2021**                        /s/ Eric P. Grosjean
                                                             UNITED STATES MAGISTRATE JUDGE