UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE PAUL RAYMOND WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>AETNA INC., et al.,<br><br>Defendants. | No. 1:21-cv-00321-NONE-EPG (PS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND DISMISSING DISMISS THE FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(Doc. No. 6) |

Plaintiff Prince Paul Raymond Williams is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed his initial complaint on March 3, 2021 (Doc. No. 1), and the matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The assigned magistrate judge screened the complaint and found that it failed to state any claims but granted plaintiff leave to file a first amended complaint. (Doc. No. 4.) Plaintiff then filed the first amended complaint ("FAC") on April 9, 2021, listing nine causes of action against his former employer and supervisors: discrimination, harassment, retaliation, defamation, fraud, negligence, intentional infliction of emotional distress, peonage, and unjust enrichment. (Doc. No. 5.) At issue is plaintiff's termination from employment and the events leading up to that termination, including garnishment of plaintiff's wages based on a child support order plaintiff contests. (*Id.*)

/////

1

On May 4, 2021, the assigned magistrate judge entered findings and recommendations, concluding that plaintiff had failed to state any federal claims and declining to exercise jurisdiction over plaintiff's state law claims. (Doc. No. 6.) Moreover, the magistrate judge recommended that plaintiff not be again granted leave to amend his complaint. (*Id.* at 16.) Turning first to exhaustion, the magistrate judge assumed for purposes of analysis that plaintiff's discrimination claim was brought under Title VII of the Civil Rights Act of 1964 and that plaintiff's protected classes relate to his stated sex (male) and race (African-American). (*Id.* at 7–8.) Because plaintiff did not allege that he filed a charge with the Equal Employment Opportunity Commission or any state agency, the magistrate judge found that plaintiff had not complied with Title VII's administrative exhaustion requirement. (*Id.*)

In addition to plaintiff's failure to exhaust his claims as required, the magistrate judge also found that plaintiff failed to allege facts in his complaint sufficient to state plausible claims for relief. Regarding his discrimination claim, the magistrate judge noted that plaintiff failed to link his firing or his interactions with his supervisor and manager to either his sex or his race. (*Id.* at 8–9 (citing *Austin v. Univ. of Oregon*, 925 F.3d 1133, 1138 (9th Cir. 2019); *Mayes v. Kaiser Found. Hosps.*, 917 F. Supp. 2d 1074, 1079–80 (E.D. Cal. 2013) (finding the plaintiff failed to state Title VII discrimination claim because "although plaintiff describes some of the events leading to his termination, he provides no meaningful detail suggesting the termination was because of his race or sex")).) Further, the magistrate judge noted that plaintiff pled no facts that would support a disparate impact claim of discrimination. (*Id.* at 9.)

Next, the magistrate judge found that plaintiff's harassment claim as alleged was insufficient because plaintiff did not allege he was subjected to verbal or physical conduct of a sexual or racial nature. (Doc. No. 6 at 10.) Similarly, the magistrate judge determined that plaintiff's retaliation claim was conclusory and that plaintiff also had failed to link his claim of retaliation to any unlawful discrimination or harassment related to his sex or race. (*Id.* at 10–11.) As it relates to plaintiff's allegations of fraud (which center solely on the wage garnishment undertaken in response to a child support order), the magistrate judge observed that the statutory citations referenced by plaintiff, such as 18 U.S.C. § 1001 (a criminal statute conferring no

private right of action), were inapplicable under the circumstances alleged by plaintiff in his complaint. (*Id*. at 11–13.) Finally, regarding the peonage claim, the magistrate judge cited authority expressly "reject[ing] the contention that the enforcement of child support obligations violates the Thirteenth Amendment." (*Id*. at 13–14 (quoting *Farley v. Santa Clara Cty. Dep't of Child Support Servs.*, 2011 WL 4802813, at *4–5 (N.D. Cal. Oct. 11, 2011) (citing *United States v. Ballek*, 170 F.3d 871, 874 (9th Cir.1999); *Moss v. Superior Court (Ortiz)*, 17 Cal. 4th 396, 408 (1998))).) Having found that plaintiff failed to state any cognizable federal claims, the magistrate judge recommended that the court declined to exercise supplemental jurisdiction over plaintiff's remaining claims grounded in state law. (*Id*. at 15–16.)

Plaintiff did not file any objections to the pending findings and recommendations, and the time to do so has expired. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court will adopt the findings and recommendations insofar as they recommend dismissal for failure to allege facts sufficient to state plausible claims for relief. Because it is unnecessary, the court therefore declines to address whether dismissal would be appropriate at the screening stage for failure to exhaust administrative remedies. *See Simmons v. Marriot Ct. Yard*, No. 19-CV-04431-PJH, 2020 WL 6700485, at *4 (N.D. Cal. Nov. 13, 2020).

Accordingly,

1. The findings and recommendations entered May 4, 2021 (Doc. No. 6) are adopted insofar as they recommend dismissal for failure to allege facts sufficient to state plausible claims for relief;
2. Plaintiff's first amended complaint is dismissed without leave to amend;
3. The Clerk of the Court is directed to assign a district judge to this action for purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: **July 13, 2021**

UNITED STATES DISTRICT JUDGE

3